**UNITED STATES, Appellee,**

v.

**Specialist Timothy J. SWANGO, 555–83–0501 United States Army, Appellant.**

**ARMY 9500454.**

U.S. Army Court of Criminal Appeals.

19 July 1996.

For Appellant: Colonel Stephen D. Smith, JA; Captain Richard E. Burns, JA (on brief).

For Appellee: Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Captain John W. O'Brien, JA (on brief).

Before CAIRNS, TOOMEY, and RUSSELL Appellate Military Judges.

## OPINION OF THE COURT

RUSSELL, Judge:

A military judge sitting as a general court-martial convicted the appellant, upon mixed pleas, of desertion with intent to avoid hazardous duty, desertion with intent to shirk important service, and absence without leave (two specifications) in violation of Articles 85 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 885 and 886 (1988) [hereinafter UCMJ]. The approved sentence consists of a dishonorable discharge, confinement for thirty months, total forfeitures, and reduction to Private E1.

■ This case is before the court for automatic review pursuant to Article 66, UCMJ. We have considered the record of trial, the assignment of error, the matters personally asserted by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.

1982), and the government's reply thereto. In his assigned error, the appellant asserts that the two desertion specifications are multiplicious for findings. We agree.

We find that on 16 September 1994, the appellant quit his unit with the intent both to avoid hazardous duty and to shirk important service by avoiding deployment by airborne assault into the Republic of Haiti as part of Operation Restore Democracy. He did not return to military control until 14 October 1994. The appellant was charged with two separate violations of Article 85(a)(2), UCMJ, which provides that "[a]ny member of the armed forces who quits his unit, organization, or place of duty with intent to avoid hazardous duty or to shirk important service" is guilty of desertion. The military judge entered findings of guilty to both specifications, but treated them as "multiplicious for sentencing." The appellant argues for the first time on appeal that the offenses are also multiplicious for findings purposes and that they should either be combined into a single conviction or one of them should be dismissed.

■ We do not believe that Congress intended by Article 85(a)(2), UCMJ, that a soldier who quits his unit once should be convicted of quitting his unit twice. However, we believe it is perfectly permissible for prosecutors seeking to allow for vagaries in proof to charge dual-purposed violations of Article 85(a)(2), UCMJ, conjunctively in a single specification. The plain intent of Article 85(a)(2), UCMJ, is not to define two separate crimes, but to describe desertion by quitting one's unit in terms of two possible specific intents. Thus, the fact that the appellant entertained both "intents" in varying degrees at the time he quit his unit does not warrant separate convictions.

Specifications 1 and 2 of Charge I are consolidated by inserting in Specification 1 after the word "duty" the words "and to shirk important service." The finding of guilty of Specification 1 of Charge I, as so amended, is affirmed. The finding of guilty of Specification 2 of Charge I is set aside and that Specification is dismissed. The remaining findings of guilty and the sentence are affirmed. The accused will be credited with 122 days of confinement against the sentence to confinement.*

Senior Judge CAIRNS and Judge TOOMEY concur.

---

* The military judge awarded 122 days of confinement credit. However, the convening authority only provided for 120 days of confinement credit in his action.